UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAM ZWINGER,

              Plaintiff,

     v.

NORTH KITSAP SCHOOL DISTRICT,
et al.,

              Defendants.

CASE NO. C12-5563 BHS

ORDER DENYING MOTIONS TO
SEAL AND DISMISSING
COMPLAINT

This matter comes before the Court on Plaintiff Adam Zwinger's ("Zwinger")

motions to seal (Dkts. 2 & 3) and civil rights complaints (Dkts. 1 & 5).  The Court has

considered the pleadings filed in support of the motions and the remainder of the file and

hereby denies the motions and dismisses the complaint for the reasons stated herein.

On June 27, 2012, Zwinger filed a civil rights complaint against Defendant North

Kitsap School District and various other employees.  Dkt. 1.  He also filed a motion to

seal the complaint so that the names of the employees did not become public information.

Dkt. 2.  Zwinger claims that he is pro se and, out of an abundance of caution, requests

that his documents remain sealed until the Court has an opportunity to review them. *Id.* The Court has reviewed all of Zwinger's documents and they do not contain any sensitive information. Therefore, the Court denies Zwinger's motions to seal and the Clerk is directed to unseal all of the documents currently under seal.

With regard to Zwinger's complaint, a federal court may dismiss sua sponte pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this case, Zwinger filed a civil rights complaint based primarily on a failure to accommodate. Zwinger's allegations begin when he was in the third grade at Defendant school district and continue through his graduation date in 2009. He alleges that he was placed in numerous potentially fatal situations because the school employees did not accommodate his severe peanut allergies. He also alleges that numerous grades on his final transcript are incorrect and that these inaccuracies have an adverse affect on his current ability to attend certain colleges. Zwinger requests $150,000 in damages.

1    Zwinger has failed to provide allegations that support federal subject matter

2  jurisdiction over his causes of action.  Moreover, the majority of Zwinger's allegations

3  are barred by the three-year statute of limitations.  Therefore, the Court **DISMISSES** the

4  complaint *sua sponte*.

5    **IT IS SO ORDERED.**

6    Dated this 30th day of August, 2012.

7

8

9    BENJAMIN H. SETTLE
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3